**Djelusa SALJANIN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–2588–ag.**

United States Court of Appeals,
Second Circuit.

July 14, 2006.

Charles Christophe, Christophe & Associates, P.C., New York, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Charles E. Roberts, Assistant United States Attorney, Syracuse, NY, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Djelusa Saljanin (A 79 326 627), through counsel, petitions for review of the April 29, 2005 BIA decision affirming Immigration Judge ("IJ") William F. Jankun's decision denying Saljanin's claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When, as here, the BIA adopts the decision of the IJ and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ In this case, the IJ found that Saljanin experienced harassment, but not persecution, when, on ten separate occasions, authorities came looking for her son, who had deserted from the Yugoslav army during the conflict in Kosovo. The IJ further found that these incidents did not establish a well-founded fear of future persecution.

The IJ's decision was silent, however, as to Saljanin's testimony that police officers had pushed her and her husband and had pointed their machine guns at them, saying, "[E]ither the soul or the son." While this incident does not independently give rise to a claim of past or feared persecution, it was so fundamental to Saljanin's claim that the IJ's failure to discuss it makes adequate review impossible. Remand is, therefore, the most prudent course here. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342–43 (2d Cir. 2006); *Tian–Yong Chen v. INS,* 359 F.3d 121 (2d Cir.2004).

■ The respondent argues that Saljanin failed to prove that any persecution was on account of a protected ground, as Saljanin's own statements indicate that the police targeted her "because she would not tell them where her son was after he deserted, not because of her nationality." However, this Court has already held that an Albanian's conscription into the Yugoslav army during that army's internationally-condemned campaign in Kosovo constitutes persecution on account of a protected ground. *See Islami v. Gonzales,* 412 F.3d 391, 397 (2d Cir.2005). We fail to see how we could draw a principled distinction between persecution of the conscript himself or herself—in this case, Saljanin's son—and persecution of family members, like Saljanin, who attempt to shield the conscript from the authorities. We, therefore, reject the respondent's argument on this point.

■ In addition, while the IJ noted improved country conditions in Serbia–Montenegro, and while there may well be evidence to support a finding that conditions there have fundamentally improved to the point of rebutting any presumption of future persecution based on past persecution, *see* 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1)(i), it is for the agency, not this Court, to make such a finding in the

first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002); *Gonzales v. Thomas,* —— U.S. ——, 126 S.Ct. 1613, 1615, 164 L.Ed.2d 358 (2006).

■ Finally, although Saljanin argues in her brief to this Court that the IJ erred in denying her CAT claim, she failed to exhaust this claim for relief before the BIA. Consequently, we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 85–89 (2d Cir.2005); *Beharry v. Ashcroft,* 329 F.3d 51, 62 (2d Cir.2003).

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, Saljanin's pending motion for a stay of removal in this petition is DENIED.